STATE OF MISSOURI at the Relation of EVERETT A. FAWKES, Relator, v. EWING C. BLAND, NICK T. CAVE and SAMUEL A. DEW, Judges of the Kansas City Court of Appeals, and LETHA FAWKES.—No. 40654.—210 S. W. (2d) 31.

Court en Banc, April 12, 1948.

*Luther Adamson* and *Walter A. Raymond* for relator.

*W. S. McClintock* and *Arthur L. Quant* for respondents.

638

ELLISON, J.—The record in this divorce case from Jackson County is brought here by certiorari to the judges of the Kansas City Court of Appeals. The opinion of that court is reported in 204 S. W. (2d) 132. Reference thereto will disclose the facts in detail. The plaintiff relator husband sued for the divorce. The defendant wife by answer admitted the marriage, the birth of a daughter and certain jurisdictional facts, but denied the husband's alleged grounds for divorce. She further filed a cross-petition praying separate maintenance for herself and the child, and custody of the child. The trial court overruled the husband's motion to strike out her cross-petition; denied his petition for divorce; and granted separate maintenance for the wife and child on her cross-petition, but did not award custody of the child. Both parties appealed to the Court of Appeals, where the cause was briefed on the merits. Under our rule 2.06 (last [33] paragraph) the cause will be determined here on the merits, notwithstanding it was brought here for review by certiorari.

The first and most prominent question in the case is procedural. It is, whether the defendant wife had the legal right to file the cross-action for separate maintenance in her husband's divorce suit. The instant opinion of the Kansas City Court of Appeals

concedes that could not have been done under our statutory and case law prior to the enactment of the new Code of Civil Procedure,[1] but holds it is now proper procedure.

The opinion reasons substantially as follows. An action for separate maintenance under Sec's 3376, 3382, and a suit for divorce under Sec's 1514-1516, have heretofore been regarded as separate and independent statutory causes of action seeking different relief. A cross-petition for separate maintenance is in the nature of a counterclaim. And our counterclaim statutes Sec's 928, 929 under the old Code, were so restrictive that they excluded a cross-action of such diverse nature as separate maintenance in a divorce suit. But Sec. 1 of the new Civil Code expressly repeals Sec's 928, 929, supra; and Sec. 37 thereof now expressly permits a defendant to set forth in his answer as many independent or alternative claims, legal, equitable or both, as he may have. Hence an action for separate maintenance may be pleaded as a cross-action in a divorce suit, especially since Sec. 3382 of the separate maintenance law and Sec. 1515 of the divorce law both provide in practically the same words: "the like process and proceedings shall be had *in such causes* as *are had* in other civil suits." (The italicized words are omitted in Sec. 3382).

Further, for the purpose of answering certain arguments made by the husband's counsel, the Court of Appeals opinion discussed Sec. 73 of the new Civil Code,[1] though it has no direct application to the instant case. That section *mandatorily* requires a defendant to plead in his answer any unlitigated claim against the plaintiff which he has when the answer is filed, if it arises out of the same transaction or occurrences (with one specified exception). If he deliberately fails to do so he waives such claim. 1 Carr, Mo. Civil Procedure, sec. 205, p. 525, sec. 166, p. 357. The Court of Appeals opinion holds Sec. 73, supra, does *not* apply to counterclaims for separate maintenance is a divorce suit, because Sec. 2 of the new Civil Code provides the Code shall govern the procedure in all suits and proceedings of a civil nature, whether legal or equitable, "unless otherwise provided by law." And the opinion declares our divorce law does "otherwise provide;" because Sec. 1516 thereof merely says the defendant's answer in a divorce suit *may* plead the necessary facts and pray for a divorce—not that it *must* be done (as Sec. 73 requires) under penalty of waiver for failure to assert the claim. Thence, the opinion concludes the same is true of a wife's counterclaim for separate maintenance in a divorce case.

Counsel for the plaintiff husband agree with the Court of Appeals

---

[1] References to the new Code of Civil Procedure are to section numbers in Laws Mo. 1943, p. 353 et seq., and to same decimal numbers following Sec. 847 in 3 Mo., R. S. A., Appendix. References to our general statutes are to R. S. Mo. 1939 and same section numbers in Mo. R. S. A., unless otherwise indicated. Italics in quotations are ours unless otherwise noted.

opinion that Sec. 73 of the new Code does not apply to actions for separate maintenance. But they maintain the same is equally true of Sec. 37 in that Code, on counterclaims; and that the Court of Appeals opinion erred in holding to the contrary. In detail, their first contention is that while Sec. 1516 of our divorce law does permit the defendant to file a cross-suit for divorce in the other spouse's suit, yet it makes no provision for cross-actions by a defendant wife for separate maintenance, in consequence of which the statute should be construed to exclude the latter actions under the maxim expressio unius est exclusio alterius.[2] That maxim states an auxiliary rule of statutory construction which is sometimes followed and sometimes held [34] inapplicable, depending on the facts.[3] We think it should not be applied here for reasons presently to be stated.

Next plaintiff's counsel assail the part of the Court of Appeals opinion, supra (third preceding paragraph hereof) which holds that Sec. 37 of the new Code authorizes the filing of a cross-petition for separate maintenance in a divorce suit because both Sec. 1516 in the divorce law and Sec. 3382 in the separate maintenance law contain the "like process and proceedings" clause, supra. The opinion holds this brings both actions procedurally within the same genus, and puts both under the provisions of the general civil code (notwithstanding they are authorized by different chapters[4] of the statutes) except *insofar* as those respective chapters specifically provide different procedures.

Counsel for plaintiff challenge that statement for two reasons. They say, first, that a divorce proceeding is sui generis, and that Sec. 1516 of our divorce law does provide a different procedure in that it only permits the defendant's answer to contain a cross-claim for divorce, thereby excluding every other cross-action (the same contention stated in the second preceding paragraph hereof). Likewise Sec. 1515 has a different venue provision. And secondly they say the "like process and proceedings" clause, supra, had been in Sec. 3382 for many years before the adoption of our new Civil Code, and yet had always been held ineffective to engraft a cross-action for separate maintenance upon a divorce suit, as a counterclaim under Sec. 929 of the old Code. In support of that contention plaintiff's counsel cite several decisions.[5]

[2]State ex rel. K. C. Pr. & Lt. Co. v. Smith, 342 Mo. 75, 79(2), 111 S. W. (2d) 513, 514(2).

[3]Springfield City Water Co. v. Springfield, 353 Mo. 445, 455(2), 182 S. W. (2d) 613, 617-8 (2-3). See also many cases cited in 26 West's Mo. Digest "Statutes," p. 187, sec. 195.

[4]"Divorce and Alimony," Art. 3, Chap. 8: "Married Women," Chap. 21.

[5]State ex rel. Couplin v. Hostetter, 344 Mo. 770, 775-6(3), 129 S. W. (2d) 1, 4(2); Arnold v. Arnold (Mo. Sup.), 222 S. W. 996, 998(1); State ex rel. Rodgers v. White (Mo. App.), 201 S. W. (2d) 781; Silverman v. Silverman (Mo. App.), 95 S. W. (2d) 1237(1); Sharpe v. Sharpe, 134 Mo. App. 278, 114 S. W. 584.

·The Couplin and Arnold cases, just cited, held a divorce proceeding is sui generis, the former stating it· is "founded on statute, not· purely a common law or equitable proceeding, but having ·the qualities of both." The Rodgers and Silverman cases both dealt with the *venue* of separate maintenance cases. The divorce statute Sec. 1515 specially provides the suit must be brought in the county where the plaintiff resides. The separate maintenance chapter has no special venue statute. ·Sec. 3382 thereof ·merely contains the "like process and proceedings"· clause, supra. In view of that clause both ·decisions held the plaintiff wife in a separate maintenance action must conform to Sec. 871, the general venue statute in the Civil Code (not repealed by the new Code), and bring her suit as therein provided in the county where the defendant resides, or in the county where the plaintiff resides and the defendant may be found. There is no venue question in the instant case: both parties resided in Jackson County. Neither was there any question in either the Silverman or Rodgers case about filing a separate maintenance cross-action in a divorce suit. However, the Rodgers case contains an interesting review of this legislation, showing the divorce and separate maintenance statutes were contained in the same chapter· for· forty years until the revision session of 1865.

The Sharpe case, supra,[5] decided in 1908, is the only one bearing on the question here. There, the husband and wife resided in the same county. She brought a separate maintenance suit and he pleaded a· cross-action for divorce. The St. Louis Court of Appeals on the record proper held the divorce and the separate maintenance statutes were entirely separate and distinct; that the counterclaim statute ·(Sec. 929, R. S. 1939) had no application to suits of that character; that the circuit court had no jurisdiction even by consent or waiver to entertain the ·cross-bill for divorce in the separate maintenance suit; and that a circuit court had no common law powers to grant ·a divorce.

· [35] Of the decisions citing the Sharpe case,[6] those most nearly ·bearing on the issues here are listed below. In the Dorrance case the wife had sued to set aside her husband's divorce decree for fraud in its procurement, with a second count for separate maintenance. He raised the question of misjoinder for the first time on appeal. This court en banc held under the demurrer statutes (922, 926) that he was too late; and that the Sharpe case furnished no basis for contending otherwise. This decision settles the question that a cross-

---

[6]Dorrance v. Dorrance, 257 Mo. (banc) 317, 326, 165 S. W. 783, 786(2);· Nolker v. Nolker (Mo. banc), 257 S. W. 798, 803(5, 6); Weisheyer v. Weisheyer (Mo. App.), 14 S. W. (2d) 486, 487(2, 4); State ex rel. Weisheyer· v. Haid (Mo. Div. 2), 26 S. W. (2d) 939; Brown v. Brown (Mo. App.), 176; S. W. (2d) 296, 297; State ex rel. Elliott v. James (Mo. App.), 194 S. W. (2d) 700, 702-3(2-4).

action for separate maintenance in a divorce suit is not outside the court's jurisdiction of the subject matter, and can be waived—that far overruling the Sharpe case. The two Weisheyer cases[6] held the pendency of a husband's prior divorce suit is ground for abating the wife's subsequently filed separate maintenance suit, since the jurisdiction of the court in the divorce proceeding embraces "all questions relating to support and maintenance, as well as suit money." On the other hand the Nolker case[6] held the pendency of a wife's prior maintenance suit is not ground for abating her subsequent divorce suit at the instance of the husband. The recent Brown and Elliott cases[6] both hold the wife's prior maintenance cannot be abated because of the husband's subsequent divorce suit—filed in the Elliott case only five days later.

In effect, these decisions concede that while a divorce proceeding is broader in scope than a separate maintenance case (because it severs the marriage relation) yet as to maintenance it is substantially the same. Indeed, the plaintiff wife cannot prevail in the latter unless she proves facts which would entitle her to a divorce. Meredith v. Meredith (Mo. App.), 166 S. W. (2d) 221, 223(1). The fact that the venue in a maintenance suit is different from that in a divorce suit does not make them essentially different in subject matter. The venue is not jurisdictional and may be waived, Nolker v. Nolker, supra, 257 S. W. l. c. 802(2-4). Neither does the fact that Sec. 1516 provides "it shall be lawful" for the defendant in a divorce suit to file answer in a specified form, exclude a wife's counterclaim for separate maintenance merely because such claims are not mentioned therein. They are covered by Sec. 1519.

Sec. 37 of the new Code of Civil Procedure, on counterclaims, is very broad. It deals with the plaintiff's petition and reply and the defendant's answer. Counterclaims may be pleaded in all of these. They may be independent or alternate claims, and either party may join as many as he has, legal, equitable or both. If a wife can prosecute a separate maintenance suit concurrently with her own or her husband's divorce suit, as implied in the Nolker case, supra,[6] and held in the Brown and Elliott cases, supra,[6] surely she can plead it as a cross-claim in the husband's divorce suit. Sec's 1516 and 1519 do not require her to seek a divorce from him in order to obtain separate maintenance.

Even under the old counterclaim statute, Sec. 929, we question the soundness of the doctrine announced in the Sharpe case, supra.[5] Undoubtedly the wife's claim would "arise out of the . . . transaction set forth" in the husband's divorce petition, or would be "connected with the subject of the action." Both would involve misconduct of the husband, vel non, in violation of his marital obligations. And even in his own divorce suit he would carry the burden of proving that he was the innocent and injured party.

Rusche v. Rusche, 200 S. W. (2d) 577, 580(2). We think the conclusion reached in the Court of Appeals opinion that a wife's cross-claim for separate maintenance may be filed in her husband's divorce suit is correct.

[36] But while the question is close, we are constrained to disagree with the holding of the Court of Appeals (stated in the fourth paragraph of this opinion), that it was not mandatory on the defendant wife under Sec. 73 of the new Code to file her counterclaim for separate maintenance in the husband's divorce suit. She did file it, and we discuss the question only because it was briefed and decided in the Court of Appeals. As stated, the opinion of the Court of Appeals said the contrary view would destroy the wife's option under Sec. 1516 in the divorce statutes to refrain from taking such crucial steps as filing a cross-suit for divorce (and by analogy a separate maintenance action) in her husband's divorce suit without forfeiting the right to do so later on the same cause of action. This, the opinion said, would violate Sec. 2 of the new Code, which provides the Code shall apply to all legal and equitable actions unless otherwise provided by law—meaning Sec. 1516 does provide otherwise.

It is true Sec. 1516 does provide *"it shall be lawful"* for the defendant in a divorce suit to file an answer charging the plaintiff with conduct which would entitle the defendant to a divorce; and it further provides the defendant in the answer *"may"* pray for a divorce. This is only permissive, not mandatory, it is true. But Sec. 1515 contains the provision so often heretofore referred to, that "the like process and proceedings shall be had in such causes as are had in other civil suits." This clause is general, and means that the process and proceedings shall conform to the civil code as it exists from time to time. It therefore includes the new Code of 1943, effective January 1, 1945. (The instant suit was filed in 1946).

Under authority of Sec. 10 of the new Code this court adopted in 1944 supplementing and harmonizing Rule 3.02a, which provides, in part, that if "any special procedural statute refers to or adopts the provisions of the Code of Civil Procedure, and also refers to a particular method of procedure which has been changed by the Civil Code, then and in that event, the substitute procedure prescribed by the revised Civil Code shall be employed." This rule, we think refers to two statutes in pari materia, as well as to a single statute. In other words, since Sec. 1515 adopts the general and new Code of procedure therefore the particular provision in Sec. 1516 giving the defendant an option as to filing a cross-action for divorce, must yield to the mandatory provision of Sec. 73 in the new Code—unless this provision of Sec. 1516 is protected by the exceptive phrase "unless otherwise provided by law," appearing in Sec. 2 of the new Code.

We agree with the Court of Appeals opinion that Sec. 2 does continue Sec. 1516 in force as to divorce, and that the defendant still retains the optional right granted by Sec. 1516 to file a cross-bill for divorce or not, notwithstanding the compulsory provision of Sec. 73 of the new Code. That right is more substantive than procedural; and it can hardly be thought the new Code intended to *compel* the innocent and injured defendant in such a suit to file a cross-action for divorce and seek to sever the marital relation, or else waive the right altogether (on the same grounds). Sec. 61 (9) of the new Code still recognizes there are *some* claims which not only need not be, but cannot be, properly united in the same pleading.

But we do not agree that the same conclusion follows by analogy with respect to separate maintenance. It is true Sec's 3376, 3382 conferring that right are permissive (as are all statutory causes of action). But they are very general, and wholly unlike Sec. 1516 in the divorce law. Sec. 3382 merely adopts the general practice in civil suits. There is nothing to the contrary anywhere in the chapter. The claim seeks only a money judgment, not a severance of the marital relation—thereby coming partly but not wholly within the scope of a divorce case. Where a husband has instituted the divorce litigation and the wife merely files a defensive answer, if he prevails she will be entitled to nothing, whereas if she prevails the marriage relation will still exist and he will be legally bound to provide maintenance for her. She chooses the battle ground. If she elects merely to contest his divorce and preserve [37] the marital status, undoubtedly her right to separate maintenance is within the subject matter of the divorce suit. It clearly comes under the requirement of Sec. 73 of the new Code, the objective of which is to discourage separate litigations covering the same subject matter, and to require their adjudication in the same action. 1 Carr, Mo. Civil Procedure, pp. 525-534, sec. 205.

Counsel for the plaintiff relator husband further invoke the auxiliary rules of statutory construction that a later general statute will not be taken to repeal a prior special statute, but in case of repugnancy between them the special statute will that far prevail. They also invoke the rule that a later general statute whose subject matter is sufficiently broad to include the special subject matter of the special statute, repeals the special statute only when the repeal is expressed, or the provisions of the general statute are manifestly inconsistent with those of the special statute. We need not insert the authorities cited in support of these contentions. In this case they are not applicable for the reasons already stated. Under Rule 3.02a the procedure is the reverse of that.

Counsel for the defendant respondent wife makes the point that *if* the plaintiff relator husband is correct in his argument that the new Civil Code did not affect the specific procedural provisions

of the old Code regarding the procedure in divorce cases, then his appeal was out of time and he has no standing in this court. That contention is based on the fact that Sec. 1524 of the article on Divorce provides no final judgment rendered in cases arising under that article shall be reversed, annulled or modified by appeal unless the appeal shall have been granted during the term at which the judgment was rendered; whereas plaintiff relator's appeal in this case was not taken until after the judgment term had expired.

This contention is supported by Howard v. Howard (Mo. App.), 197 S. W. (2d) 100, 102(1), which cites our Rule 3.02c. But that rule expressly excepts from its application statutes covered by Rule 3.02a. And from our construction of the latter rule in the preceding paragraphs it necessarily follows that Sec. 1524 must yield to Sec. 129 of the new Code, prescribing the time and manner of taking appeals. So the plaintiff relator here was in time in taking his appeal But it should be noted that insofar as these holdings respecting Sec's 1516 and 1524 may prejudice proceedings already taken thereunder, the instant decision should operate prospectively only. Barker v. St. Louis County, 340 Mo. 986, 1001(6), 104 S. W. (2d) 371, 377(10). It may be added that even if the plaintiff husband's appeal had been invalid, the defendant wife also has appealed, and he would be entitled to answer her contentions.

This disposes of all the questions urged on either side, except as to the merits of the case. As stated in the beginning, although the cause is brought here by certiorari, it is our duty to entertain it on the merits. The plaintiff relator husband contends that "under all the law, the pleadings and the evidence, the finding and judgment of the trial court and of the Court of Appeals should have been for him and against the defendant." His counsel argue that the evidence showed the breach between the parties was produced by and resulted from the wife's mistreatment of the husband, and not his mistreatment of her. We have read the full record. The evidence shows the estrangement and separation were caused in large part by the fact that the plaintiff's mother and brother did not fit into his and the defendant's family life. The plaintiff says the defendant endeavored to dominate him and his business. She says his mother, especially, tried to dominate her. It would serve no useful purpose to set out the facts in detail. They are fully stated in the opinion of the Court of Appeals and we affirm the judgment of the circuit court on the merits, for the reasons stated in that opinion, except as to the custody of the minor child. On that issue the cause is reversed and remanded to the circuit court with directions to award the care, custody and control of the child as to the court seems for the best interest and welfare of the child All concur except *Tipton, J.,* who concurs in result.