240 S.W.2d 741 (1951)
GREEN
v.
GREEN.
No. 28044.
St. Louis Court of Appeals, Missouri.
June 19, 1951.
Raymond S. Roberts, Farmington, for appellant.
Dearing & Matthes, M. C. Matthes, and Joseph G. Stewart, all of Hillsboro, for respondent.
WOLFE, Commissioner.
This is an action for divorce brought by Norvell Green in which his wife sought a divorce on a cross bill. Both parties asked for the custody of their infant child. After hearing the case the court made the following entry:
"Now on this day comes plaintiff and defendant by their respective attorneys and *742 the issues herein having been heretofore submitted to the court upon the pleadings and evidence adduced, and the court being fully informed in the premises doth find that defendant is the innocent and injured party and entitled to the relief prayed for in her cross bill.
"It is therefore ordered, adjudged and decreed by the Court that the bonds of matrimony between the parties be and they are hereby dissolved and that the defendant be and she is absolutely and forever divorced from the plaintiff; that plaintiff's petition be dismissed and that all costs herein be taxed against the plaintiff.
"It is further ordered and decreed by the court that the question of the permanent custody of the minor child of the parties, namely Maurice Green, named in plaintiff's petition be and the same is hereby taken under advisement by the court, and that pending final disposition of the question of permanent custody of said child, that the defendant be and she is hereby granted the temporary custody of the minor child of the parties and that plaintiff shall have the right to the custody of said child one weekend of every month and that said period of time to which the plaintiff shall be entitled to such temporary custody shall commence at 4:00 o'clock p. m. on Friday and end at 5:00 o'clock p. m. on Sunday and that the plaintiff shall be entitled to such temporary custody of the child commencing on April 28, and thereafter on the last week-end as herein defined of every month.
"It is further ordered and decreed by the court that plaintiff shall pay to defendant the sum of $15.00 per week for the support and maintenance of said child."
It will be noted that the decree does not permanently award the custody of the child, although both the petitioner and the cross-petitioner requested its custody in their pleadings. This raises the question of whether or not the entry made by the court was a final judgment from which an appeal may be taken. The parties have not raised this issue, but it is our duty to determine whether or not a final appealable judgment has been entered by the trial court. Deeds v. Foster, Mo.Sup., 235 S.W.2d 262; Poston Springfield Brick Co. v. Brockett, Mo.App., 183 S.W.2d 404; Hoefer v. Wease, Mo.App., 104 S.W.2d 721.
Missouri Revised Statutes, 1949, Section 452.070, provides: "When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable, * * *."
It is evident that the Legislature intended that in divorce cases, where the custody of children is to be determined, the court in its decree of divorce should make an award of custody which would be permanent and final unless properly modified on a subsequent motion of either party.
Missouri Revised Statutes, 1949, Section 511.020, which is part of the Civil Code, defines a judgment as "the final determination of the right of the parties in the action". The right of appeal is statutory, and Missouri Revised Statutes, 1949, Section 512.020, provides that appeals may be taken from final judgments. In order for a judgment to be final under the Civil Code, it must dispose of all the issues in the case. State ex rel. St. Louis County v. Public Service Commission, 360 Mo. 270, 228 S.W.2d 1; England v. Poehlman, 359 Mo. 369, 221 S.W.2d 742; W. T. Rawleigh Co. v. Rouse, Mo.App., 204 S.W.2d 438. Such a rule is necessary to prevent a number of appeals in one case. As stated in Madison v. Sheets, Mo.Sup., 236 S.W. 2d 286, loc. cit. 288: "* * * cases are not to be brought to appellate courts by appeal in detached portions".
The Civil Code, while not supplanting special procedure statutes, such as divorce, applies to such statutes where it is not repugnant to their provisions. State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31; W. T. Rawleigh Co. v. Rouse, Mo.App., 204 S.W.2d 438. It follows that a final decree in a divorce case, as in other judgments, must dispose of all of the issues raised in the action, and since the entry *743 made by the court makes no final award of the child's custody, and since that was an issue in the case, the entry is not a final judgment from which an appeal can be taken.
For the reasons stated, the Commissioner recommends that the appeal be dismissed.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The appeal is accordingly dismissed.
ANDERSON, P. J., and McCULLEN and BENNICK, JJ., concur.