Jesse E. HERRMAN and Carrie M. Herrman, d/b/a Herrman Lumber Company, Plaintiffs-Respondents,

v.

Frank DIXON, Defendant-Appellant,

Gene Wilson and Carl English, d/b/a General Construction Co.; Moore's, Inc., a corp.; Braeckels, Inc., a corp.; Cook Paint & Varnish Co., a corp.; Joplin Cement Co., a corp.; Olin Stanley, d/b/a Stanley Plumbing and Heating Co.; and Max L. Bard, d/b/a Bard & Bard Equipment Co., Defendants.

No. 7433.

Springfield Court of Appeals.

Missouri.

Jan. 4, 1956.

Clifford H. Casey and Pat Casey, Joplin, for appellant.

Watson, Richart & Titus, Joplin, for respondents.

RUARK, Judge.

This case was submitted under an agreed statement. After proper notice the plaintiffs, now respondents, filed their mechanic's lien statement in the office of the circuit clerk of Jasper County on March 1, 1954. On Tuesday, June 1, 1954, they filed their petition seeking judgment to enforce such lien. The mechanic's lien statute, sec. 429.170,* provides that all actions for mechanic's liens shall be commenced within

* All statutory references herein are to R.S.Mo.1949, V.A.M.S., unless otherwise specified.

ninety days after the filing of the lien; and no lien shall continue to exist for more than ninety days after the lien shall be filed unless an action shall be instituted thereon within that time. Excluding the first day, the ninetieth day was May 30 (Decoration Day), which fell on Sunday. Under the view of the trial court and as contended here by respondents, this automatically extended the period for filing until June 1, 1954, and judgment was rendered accordingly.

It is the appellant's contention that the holiday, Decoration Day, cannot be taken into consideration in extending the time, that is, excluded from the period of computation. Sec. 10.010 declares certain days, including May 30, to be public holidays, *and when any such holiday falls upon Sunday the Monday next following shall be considered such holiday.* The general statute dealing with construction of statutes, sec. 1.040, provides that the time within which an act is to be done shall be computed by excluding the first day and including the last. *If the last day be Sunday it shall be excluded.* It will be noted that this statute, while it excludes Sunday, does not provide for the exclusion of any holiday.

On August 27, 1943, the Supreme Court handed down its opinion in Bullock v. Peoples Bank of Holcomb, 351 Mo. 587, 173 S.W.2d 753. Under the facts in that case the statutory period for recording a deed expired Saturday, November 11 (Armistice Day), 1939. The next day was Sunday and the recording was evidently on Monday. The opinion calls attention to the fact that sec. 655, R.S.Mo.1939 (now 1.040) did not provide for any exclusion of the Armistice holiday. It concluded, 173 S.W. 2d loc. cit. 760, "The fact that a day is made a holiday by statute does not mean business cannot be transacted on that day, except insofar as that statute or some other imposes such restriction." (Citing cases.) If sec. 1.040 is still controlling as to the method of computing time, then, under the Bullock case, the respondents were too late with their action, because Monday (which became Decoration Day by operation of sec. 10.010) is not to be excluded.

However, in 1943, laws of 1943, p. 353, in that portion of the Civil Code dealing with commencement of actions, there was enacted sec. 506.060, which provides that in computing any period of time prescribed or allowed by this code, by order of court, *or by any applicable statute,* the day of the act after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included *unless it is Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a legal holiday.* Sec. 506.090, enacted at the same time, provides that the office of the circuit clerk shall be open for business on all days except Sundays and legal holidays. Sec. 506.010 provides that the Civil Code of Missouri shall govern the procedure in all suits and proceedings of a civil nature at law and in equity unless otherwise provided by law. The Civil Code, while not supplanting special procedure statutes, applies to such statutes where it is not *repugnant* to their provisions. Green v. Green, Mo.App., 240 S.W.2d 741; State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31. But the mechanic's lien statute does not purport to set up its own procedure in all respects. Sec. 429.180 provides that except as therein otherwise provided the pleadings, practice, process and other proceedings in cases arising thereunder shall be the same as in ordinary civil actions. This act, Ch. 429, does not undertake to specify any method of *computing* the period of days, and previous to the new statute the Supreme Court resorted to the old sec. 1.040 in order to determine the method of making such computation. Manchester Iron Works v. E. L. Wagner Const. Co., 341 Mo. 389, 107 S.W. 2d 89, loc. cits. 94, 95.

Statutes of limitation, which preclude the bringing of an action and which do not extinguish the right, are held to be only remedial or procedural. State ex rel. Jones v. Nolte, 350 Mo. 271, 165 S.W.2d 632, 638; City of St. Louis v. Miller, Mo. App., 155 S.W.2d 565, 567; Stock v. Schloman, 322 Mo. 1209, 18 S.W.2d 428; Spitcaufsky v. Hatten, 353 Mo. 94, 182 S.W.2d

86, 104, 160 A.L.R. 990; Hickey v. Sigillito, Mo.App., 162 S.W.2d 638, 641. And the Missouri courts in passing on the mechanic's lien statute have held that it is a statute of limitation which must be pleaded or shown on the face of the pleadings in order to be a defense. Landers Lumber Co. v. Short, Mo.App., 81 S.W.2d 375; McPherrin v. Lumbermen's Supply Co., 211 Mo.App. 385, 242 S.W. 136, 140; American Radiator Co. v. Connor Plumbing & Heating Co., 277 Mo. 548, 211 S.W. 56, 57. The statements of these cases, however, have been criticized, although not overruled, by Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852. But whether the "limitation" contained in sec. 429.170 actually goes to the substance or procedure makes no difference, for we think the "action" therein provided for is one contemplated by sec. 506.-060, the first paragraph of which is as much a "construction" statute as is sec. 1.040, to which the courts formerly went in order to secure the method by which the ninety-day period is to be computed. The difference in the two "construction" statutes is that the application of 506.060 is limited to acts, events or defaults encompassed by the code, order of court and "any applicable statute." We think it was intended to encompass the action provided for in sec. 429.170. We are strengthened in this belief by the fact that sec. 506.090 (concurrent with 506.060) in effect removed the availability of the facilities of the court through the excluded period by authorizing the closing of the clerk's office through Monday.

■ Such being the case, May 30 falling on Sunday, Decoration Day as a legal holiday fell on May 31, which was dies non, and the period for filing the lien ran until the end of Tuesday, June 1, the day upon which respondent's action was filed.

The judgment is affirmed.

McDOWELL, P. J., and STONE, J., concur.