Hazel M. SMITH, Plaintiff-Appellant,

v.

Raymond Carl SMITH, Defendant-Respondent.

No. 7574.

Springfield Court of Appeals.

Missouri.

Feb. 18, 1957.

R. P. Smith, Cape Girardeau, for appellant.

Strom & Spradling, A. M. Spradling, Jr., Cape Girardeau, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Scott County, Missouri, sustaining defendant's motion to dismiss plaintiff's petition for divorce and custody of minor child at close of plaintiff's evidence.

Plaintiff's amended petition, filed September 28, 1955, alleged desertion and indignities as grounds for divorce.

Defendant's answer was a general denial.

At the close of plaintiff's evidence the trial court sustained defendant's motion to dismiss plaintiff's petition for the reason she failed to make a case.

The evidence shows that plaintiff and defendant were married August 8, 1925, and separated the last of June or the first of July, 1954; that there were born of the marriage two children, one now married and the other, a girl named Rita Ann, now 13 years old; that by agreement in December, 1954, Rita Ann was sent to live with plaintiff's sister and husband on a farm in Wisconsin. The reason for this action was marital difficulties. At the time of the separation the parties were living in plaintiff's home in Illmo, Missouri.

Plaintiff testified that defendant went to Arkansas for the purpose of securing a divorce and to avoid scandal; that in about a month he returned to Missouri and filed an action for divorce against plaintiff in Scott County; that as grounds for such divorce he alleged misconduct of plaintiff and adultery. The record of this case is attached to the transcript and shows that the defendant there (plaintiff in the instant case) did not ask for affirmative relief. She did, however, plead in the answer that defendant had made false charges against her; that she was the innocent and injured party; that plaintiff had carried on a campaign of vilification against her, had assaulted her and accused her of unfaithfulness.

Plaintiff testified that from the time of the previous case until the present she has not lived with the defendant as his wife. She stated that her daughter, Rita Ann, has been living with defendant in Jonesboro, Arkansas, since before the filing of the instant case; that in July, 1955, defendant went to Wisconsin and got their daughter, brought her back to plaintiff's home, and, about the middle of August, took her to his home in Jonesboro; that the child had not visited her since she had gone with her father; that on Christmas, 1955, she visited the daughter, while her father was away, and tried to take her but the daughter refused to go.

Plaintiff testified that defendant had not requested her to get a divorce since the last trial; that she and defendant belonged to the Methodist Church; that defendant sent their Minister to see if she would take defendant back and that she said "no". She said defendant came to see her one time; that he drove up in the driveway on the evening previous to the taking of Rita Ann; that she was out in the yard and when she saw defendant, she went into the house; that Rita Ann went out to talk with her father and came back and said, "Mother, Daddy wants to talk to you", and I said "I won't talk, but I will listen, and I went out there and he told me he had taken my furniture to Jonesboro and that he had rented a house and he was planning to take Rita Ann the next day and was leaving about noon, and that I was welcome to come." Plaintiff stated the furniture was part hers, part defendant's and some they had purchased during their marriage.

We think the evidence is undisputed by plaintiff, that the Minister, at defendant's request, tried to get her to live with defend-

ant and that she refused. Plaintiff testified she is now a resident of Harlan, Kentucky, and has been since April 1st; that she is employed in Memorial Hospital, two and one-half miles from the city and earns $275 a month; that prior to her employment there she worked in Cape Girardeau at $135 a month.

Plaintiff testified that immediately after the other suit was terminated she wanted her attorney to bring a divorce action. She stated "I figured I would be back in court".

The testimony is undisputed that defendant is an employee of the Cottonbelt Railroad and was transferred to Jonesboro, Arkansas, where he now lives; that he has a six room house; that this was not the first time he had been transferred and that prior to the separation, they had lived in Jonesboro.

In this opinion we will refer to appellant as plaintiff and to respondent as defendant, the position they occupied in the lower court.

Plaintiff first contends that the trial court erred in sustaining defendant's motion to dismiss her cause of action at the close of plaintiff's evidence because the undisputed testimony establishes three alleged grounds for divorce, namely, desertion, prosecution of unmerited litigation, and forcible removal of the child.

Causes of divorce in Missouri are statutory. Chapter 452, section 452.010 RSMo 1949, V.A.M.S.; Simmons v. Simmons, Mo.App., 280 S.W.2d 877.

■ Prosecution of unmerited litigation and forcible removal of child are not recognized grounds for divorce.

■ Desertion is a statutory ground for divorce. To prove desertion within statute, there must be established a cessation from cohabitation without reasonable cause for one year, intention on the part of the deserter not to resume cohabitation and absence of consent to separation on part of the deserted. Section 452.010 RSMo 1949, V.A.M.S.; Price v. Price, Mo.App., 281 S.W.2d 307.

■ Absence does not constitute abandonment and will not ripen into statutory desertion if deserted spouse, within the statutory period of one year, acquiesces in the separation even though the other spouse may not have had just cause to have absented himself from the other, and even though the deserted spouse may not have consented to the separation in the first instance. Campbell v. Campbell, Mo.App., 281 S.W.2d 314.

■ The evidence would justify an inference that the separation of plaintiff and the defendant in the first instance was by agreement. Plaintiff says that defendant went to Arkansas to secure a divorce in order to avoid publicity. We would infer from her testimony that after their child had been sent to Wisconsin to live with plaintiff's sister, the parties had consented to separate. Regardless of whether or not they did consent to separate, the evidence is undisputed that defendant attempted a reconciliation and plaintiff refused to live with him. The trial court was justified in finding that plaintiff had failed to establish desertion.

The second allegation of error, relied upon by the plaintiff, is as to the action of the trial court in excluding evidence as to the pleadings and opinion of the court in a previous divorce action and all acts and conduct prior thereto.

One of the causes of action pleaded in plaintiff's petition for divorce was indignities. The record discloses that defendant filed an action for divorce against plaintiff which was tried in the Circuit Court of Scott County at the July Term, 1955; that in the petition defendant alleged that plaintiff had been intimate with one, a Mr. Estes, and pleaded that plaintiff had been guilty of adultery and other acts of unfaithfulness. To this petition defendant

filed answer but did not seek affirmative relief and the judgment of the trial court was against the petitioner dismissing his petition for failure to make a case. The trial court, in a memorandum opinion which was excluded from evidence in the instant case, stated that the principal charge against defendant (plaintiff here) was adultery and the proof failed to show such ground. In the trial in the instant case, plaintiff was asked if defendant had sought a divorce from her. To this question objection was made that the record was the best evidence. She was then asked the date of the previous trial, to which objection was made that the record was the best evidence, and then plaintiff offered in evidence the record of the previous divorce suit and all the files pertaining thereto. Objection was made that the issues in that case were tried and settled and are res adjudicata. This objection was sustained. This question was asked plaintiff:

"Q. Mrs. Smith, has your husband ever requested or demanded that you bring an action for divorce?" Upon objection that the question called for a matter which occurred prior to the former divorce action and was res adjudicata, the evidence was excluded by the court. The record shows that the court ruled that all evidence relating to matters which happened before the judgment in the former divorce action were adjudicated and inadmissible. Plaintiff was limited to testimony as to indignities which she has pleaded to evidence which occurred after the judgment in the former divorce suit.

Res judicata, sometimes expressed as "res adjudicata", literally means the matter has been decided. It also means a thing judicially acted on or decided; a thing definitely settled by judicial decision, judicial judgment, or judicial opinion; a thing or matter settled by a judgment. 77 C.J.S. page 274.

It was held in In re McMenamy's Guardianship, 307 Mo. 98, 270 S.W. 662, 667, that "When a fact has been directly tried and settled by a court of competent jurisdiction, it cannot be contested again between the same parties or their privies, in the same or any other court." See 17-A Mo.Dig., Judgment, ☞632, p. 369.

In State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31, 33, the court stated that under the new civil code a defendant is expressly permitted to set forth in his answer as many independent or alternative claims, legal or equitable, or both, as he may have. The court then made this statement:

" * * * Hence, an action for separate maintenance may be pleaded as a cross-action in a divorce suit, especially since Sec. 3382 of the separate maintenance law [Section 452.240 RSMo 1949, V.A.M.S.] and Sec. 1515 of the divorce law [Section 452.-040 RSMo 1949, V.A.M.S.] both provide in practically the same words: 'the like process and proceedings shall be had *in such causes as are had* in other civil suits.' (The italicized words are omitted in Sec. 3382).

"Further, for the purpose of answering certain arguments made by the husband's counsel, the Court of Appeals opinion discussed Sec. 73 of the new Civil Code [Section 509.420 RSMo 1949, V.A.M.S.], though it has no direct application to the instant case. That section *mandatorily* requires a defendant to plead in his answer any unlitigated claim agains the plaintiff which he has when the answer is filed, if it arises out of the same transaction or occurrences (with one specified exception). If he deliberately fails to do so he waives such claim. 1 Carr, Mo.Civil Procedure, § 205, p. 525, § 166, p. 357. The Court of Appeals opinion holds Sec. 73, supra, does *not* apply to counterclaims for separate maintenance in a divorce suit, because Sec. 2 of the new Civil Code [Section 506.010 RSMo 1949, V.A.M.S.] provides the Code shall govern the procedure in all suits and proceedings of a civil nature, whether legal or equitable, 'unless otherwise provided by law.' And the opinion declares our divorce law does

'otherwise provide'; because Sec. 1516 [Section 452.020 RSMo 1949, V.A.M.S.] thereof merely says the defendant's answer in a divorce suit *may* plead the necessary facts and pray for a divorce—not that it *must* be done (as Sec. 73 requires) under penalty of waiver for failure to assert the claim. Thence, the opinion concludes the same is true of a wife's counterclaim for separate maintenance in a divorce case."

In discussing Fawkes v. Fawkes, Mo. App., 204 S.W.2d 132, the court, 210 S.W.2d on page 36 of its opinion, made this statement:

"But while the question is close, we are constrained to disagree with the holding of the Court of Appeals (stated in the fourth paragraph of this opinion), that it was not mandatory on the defendant wife under Sec. 73 of the new Code to file her counterclaim for separate maintenance in the husband's divorce suit. She did file it, and we discuss the question only because it was briefed and decided in the Court of Appeals. As stated, the opinion of the Court of Appeals said the contrary view would destroy the wife's option under Sec. 1516 in the divorce statutes to refrain from taking such crucial steps as filing a cross-suit for divorce (and by analogy a separate maintenance action) in her husband's divorce suit without forfeiting the right to do so later on the same cause of action. This, the opinion said, would violate Sec. 2 of the new Code, which provides the Code shall apply to all legal and equitable actions unless otherwise provided by law—meaning Sec. 1316 [1516] does provide otherwise.

"It is true Sec. 1516 does provide *'it shall be lawful'* for the defendant in a divorce suit to file an answer charging the plaintiff with conduct which would entitle the defendant to a divorce; and it further provides the defendant in the answer *'may'* pray for a divorce. This is only permissive, not mandatory, it is true. But Sec. 1515 contains the provision so often heretofore referred to, that 'the like process and proceedings shall be had in such causes as are had in other civil suits.' This clause is general, and means that the process and proceedings shall conform to the civil code as it exists from time to time. It therefore includes the new Code of 1943, effective January 1, 1945. (The instant suit was filed in 1946).

"Under authority of Sec. 10 of the new Code [Sections 477.030, 506.030 RSMo 1949 V.A.M.S.] this court adopted in 1944 supplementing and harmonizing Rule 3.02(a), which provides, in part, that if 'any special procedural statute refers to or adopts the provisions of the Code of Civil Procedure, and also refers to a particular method of procedure which has been changed by the Civil Code, then and in that event, the substitute procedure prescribed by the revised Civil Code shall be employed.' This rule, we think refers to two statutes in pari materia, as well as to a single statute. In other words, since Sec. 1515 adopts the general and new Code of procedure therefore the particular provision in Sec. 1516 giving the defendant an option as to filing a cross-action for divorce, must yield to the mandatory provision of Sec. 73 in the new Code—unless this provision of Sec. 1516 is protected by the exceptive phrase 'unless otherwise provided by law,' appearing in Sec. 2 of the new Code.

*"We agree with the Court of Appeals opinion that Sec. 2 does continue Sec. 1516 in force as to divorce, and that the defendant still retains the optional right granted by Sec. 1516 to file a cross-bill for divorce or not, notwithstanding the compulsory provision of Sec. 73 of the new Code. That right is more substantive than procedural; and it can hardly be thought the new Code intended to compel the innocent and injured defendant in such a suit to file a cross-action for divorce and seek to sever the marital relation, or else waive the right altogether (on the same grounds). Sec. 61(9) of the new Code [Section 509.290(9) RS Mo 1949 V.A.M.S.] still recognizes there are some claims which not only need not be, but cannot be, properly united in the same*

*pleading."* (Emphasis in last paragraph ours.)

In the instant case where the husband had instituted a divorce action and the wife had filed only a defensive answer, the marriage relation still existed. Under the law as declared in the Kansas City Court of Appeals, Fawkes v. Fawkes, Mo.App., 204 S.W.2d 132, and by the Supreme Court in State ex rel. Fawkes v. Bland, supra, we hold that plaintiff did not waive her rights then existing for divorce and could later assert such rights. The facts as to plaintiff's rights for divorce were not directly tried and settled and were not subject to the doctrine of res judicata. Plaintiff was entitled to show any facts which were probative of the issues for divorce whether they happened after the former action for divorce by the defendant or before such action. The trial court erred in excluding plaintiff's offer of the petition in the former divorce action and other evidence which originated prior to such divorce action.

The cause is reversed with directions that the trial court's judgment dismissing plaintiff's petition be set aside and a new trial granted plaintiff.

STONE and RUARK, JJ., concur.