The **STATE of Missouri at the relation of Janet SCHWARTZ, Relator,**

v.

**William E. BUDER, Judge of Division 16 of the Circuit Court of the City of St. Louis, Respondent.**

No. 30104.

St. Louis Court of Appeals.

Missouri.

Sept. 2, 1958.

Motion for Rehearing or for Transfer to Supreme Court Denied Sept. 29, 1958.

William J. Geekie, Pros. Atty., Sidney Faber, Asst. Pros. Atty., St. Louis, for relator.

Irl B. Baris, St. Louis, for respondent.

WOLFE, Judge.

This is an action in prohibition brought against the responding judge to prohibit him from hearing a cross bill for divorce which was filed by Franklin G. Schwartz in a proceeding against him under the Uniform Support of Dependents Law, Chapter 454, Laws of Missouri, 1951, V.A.M.S.

Janet Schwartz, the relator, filed in the Children's Court of Monroe County, New York, a petition under the Uniform Support of Dependents Act of that state. She alleged that she was married to Franklin G. Schwartz and that three children had been born of the marriage. They range in age from six to ten years. She alleged that their father had failed to support them and that he is now living in the City of St. Louis, in the State of Missouri.

The matter was duly certified to the circuit court in St. Louis and the defendant was served. He appeared and filed an answer and a cross bill for divorce, alleging adultery. He also requested custody of the children. The relator, represented by the prosecuting attorney, filed a motion to strike the cross bill on the ground that the circuit court was without jurisdiction to grant the relief sought. This motion was overruled and the case was set for trial. The relator then sought prohibition and our preliminary writ was issued.

It is the respondent's contention that under Section 509.430 RSMo 1949, V.A.M.S., and Supreme Court Rule 3.16, 42 V.A.M.S., the defendant may file a cross bill for divorce in an action brought under Chapter 454. Relator conversely maintains that Chapter 454 is a special procedure statute to which the provisions of the Code of Civil Procedure do not apply.

Section 509.430, upon which the respondent relies, permits the defendant in a civil suit to set forth as a counterclaim matters "different in kind from that sought in the pleading of the opposing party". Rule 3.16 of the Supreme Court is supplemental to the code and permits the filing as a counterclaim against the adverse party any claim that existed at the time of the filing of the defendant's first required pleadings.

Supreme Court Rule 3.02 provides however, the conditions under which special procedure statutes are brought under the provisions of the Civil Code. This is done when such statutes adopt the code or such statutes contain a particular method of procedure that has been changed by the code.

▆▆▆ Chapter 454 is unquestionably a special procedure statute. It was enacted in substantially the same form in practically every state and territory of the United States. Its chief purpose was to supplant inadequate laws for the enforcement of the duty to support upon a deserting husband who had abandoned his family and was beyond the process of the state where his family resided. Ivey v. Ayers, Mo., 301 S.W.2d 790. All of the civil provisions of the chapter relate to adjudging and collecting the support money for the dependents. The Act provides that the action be initiated in the state of the family or dependents and sent to the court of the state where the husband resides. The court of the responding state is then required under Section 454.120, V.A.M.S., to do the five following things: "(1) Docket the cause; (2) Notify the prosecuting attorney; (3) Set a time and place for hearing not less than ten days nor more than thirty days; (4) Serve upon the obligor copy of said copies at least five days before the day set for hearing; (5) Hear evidence submitted by petitioner and obligor and make and render such *orders and judgments as the court adjudges should be made under the provisions of this act or discharge the obligor.*" (Emphasis ours.)

The prosecuting attorney is required by Section 454.103, Laws of Mo.1953, V.A.M.S. to represent the plaintiff whenever requested to do so by the court or state division of welfare.

The Act also provides (Section 454.180) that "a privilege against the disclosure of communications between husband and wife are inapplicable to proceedings under this chapter."

The Act makes various provisions for the civil enforcement of support, even to providing for the arrest of the husband under certain conditions. Sec. 454.115, V.A.M.S. It is therefore completely devoted to the sole question of compelling support. It provides the special procedure. It adopts a rule of evidence relative to privileged communications that would not be applicable in divorce cases. Sellars v. Sellars, Mo.App., 274 S.W.2d 509; Forbis v. Forbis, Mo.App., 274 S.W.2d 800; Allen v. Allen, Mo.App., 60 S.W.2d 709.

▆ In Ivey v. Ayers, Mo., 301 S.W.2d 790, 793, supra, the Supreme Court stated: "The Missouri Act provides for a special proceeding, and the procedure to be followed is contained in the Act itself." It is established that the Civil Code has no application to a complete special procedure statute with the exceptions noted in Supreme Court Rule 3.02(a). Herrman v. Dixon, Mo.App., 285 S.W.2d 716; State ex rel. Bess v. Schult, Mo.App., 143 S.W.2d 486; Rosebraugh v. State Social Security Commission, Mo.App., 196 S.W.2d 27.

The respondent maintains that the cross bill for divorce may be properly filed and tried in this support action, because it has

been held that a cross bill for separate maintenance and a cross bill for an accounting may be filed in a divorce suit. It is contended that the statute relating to divorce is also a special procedure act. We are cited to State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31; Builderback v. Builderback, 241 Mo.App. 508, 244 S.W.2d 377, and Green v. Green, Mo.App., 240 S.W.2d 741. The last two cases were decided upon the rule announced in State ex rel. Fawkes v. Bland, supra. In that case the Supreme Court held that a cross bill for separate maintenance could be filed in an action for divorce. The court pointed out that Section 452.040 RSMo 1949, V.A. M.S., of the divorce laws provides for "like process and proceedings * * * as are had in other civil suits". [357 Mo. 634, 210 S.W.2d 33.] Thus, under Supreme Court Rule 3.02 the divorce law adopts the Civil Code which includes the sections relating to cross claims.

Chapter 454 makes no mention of any procedure other than that set out in the chapter and, as stated, it prescribes in Section 454.120(5) that the court shall make "such orders and judgments as the court adjudges should be made under the provisions of this chapter * * *." This gives no authority for the hearing of matters beyond the scope of the chapter and the application of the Civil Code would be repugnant to the Act.

█ As the cause is initiated in a foreign jurisdiction and the prosecuting attorney is obliged to prosecute the claim for the plaintiff and a rule of evidence is changed, there is no way in which an orderly trial of the cross bill for a divorce could be heard without detriment to the purpose of the Act. It is evident that to allow a cross bill for divorce would compel a mother, claiming support for her children, to defend such divorce action in a place far removed from her domicile. The plain purpose of the Act is only to enforce the payment of support which the defendant is legally obliged to pay and it has no re-lation to changing the marital status of the parties.

█ For the foregoing reasons the preliminary rule in prohibition will be made absolute and the respondent will be prohibited from taking any further action upon the defendant's cross bill for divorce except to dismiss it.

RUDDY, P. J., and ANDERSON, J., concur.