EMPLOYERS MUTUAL CASUALTY
COMPANY, Appellant,

v.

Kenneth HANSHAW, Appellee.

No. 59.

Supreme Court of Iowa.

April 7, 1970.

John D. Randall, and John R. Hughes, Cedar Rapids, for appellant.

Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

RAWLINGS, Justice.

Plaintiff insurer reimbursed its insured for damages sustained as the result of a motor vehicle collision, and as subrogee brought action at law for recovery from alleged third party tort-feasor. Defendant alleged plaintiff's right of action is barred under the compulsory counterclaim rule. On adjudication of law points, trial court held adverse to plaintiff. Subsequently defendant's motion to dismiss was sustained and plaintiff appeals. We affirm.

There is no dispute between the parties as to the underlying factual situation involved.

May 12, 1964, a truck operated by Lyle A. Cameron, owned by his employer, A. W. Schmidt Transfer, Inc., collided with an automobile owned and operated by this defendant, Kenneth Hanshaw. Plaintiff, Employers Mutual Casualty Company, paid its insured, Schmidt Transfer, $2,187.-04, for resultant property damage.

Cameron commenced action against Hanshaw for personal injuries suffered. Hanshaw, having answered and counterclaimed against Cameron, brought in and filed cross-petition against Schmidt Transfer. Thereupon Schmidt Transfer filed answer to Hanshaw's cross-petition but failed to counterclaim against him or anyone else.

The Cameron v. Hanshaw case was subsequently settled on payment by Hanshaw to Cameron. Contemporaneously both of these parties executed and filed a dismissal with prejudice, each as to the other. Hanshaw's dismissal included his cross-petition against Schmidt Transfer.

Throughout these proceedings plaintiff, Employers Mutual, defended Schmidt Transfer, participated accordingly, and as a result had actual knowledge of all things done, including the settlement and resultant dismissals with prejudice.

In the case at bar, the petition filed by Employers Mutual alleged Hanshaw's negligence caused the accident; as Schmidt Transfer's insurer, it reimbursed that insured; and asked judgment accordingly against defendant Hanshaw.

For answer, Hanshaw asserted as an affirmative defense, all of the factual situation set forth above, in the form of ultimate statements of fact, coupled with allegations to the effect, (1) any right of action held by Schmidt Transfer against Hanshaw should have been pled, as a mandatory counterclaim, in the Cameron v. Hanshaw litigation, in response to Hanshaw's cross-petition; (2) Schmidt Transfer's right, if any, to have recovery from Hanshaw stood forever barred upon filing of the aforesaid dismissals with prejudice; and (3) as subrogee of Schmidt Transfer, this plaintiff's right of action against defendant is likewise barred.

Defendant Hanshaw also alleged plaintiff paid its insured only that amount in excess of the policy provided deductible sum, and is not the real party in interest.

Plaintiff, by reply, denied the foregoing allegations.

Thereupon defendant moved for an adjudication of law points relative to the affirmative allegations contained in his answer. The record discloses no resistance by plaintiff to this motion.

Trial court resultantly found the rights of Employers Mutual, subrogee, rose no higher than those of Schmidt Transfer,

subrogor. Consequently plaintiff's right of action against defendant is now barred, and plaintiff is not the real party in interest.

Errors assigned on appeal are, trial court erred in holding; (1) plaintiff's rights are controlled by those of its insured; (2) the mandatory counterclaim rule applies absent a determination on the merits; and (3) plaintiff is not the real party in interest.

I. Directing our attention first to the matter of subrogation, this court held in Rursch v. Gee, 237 Iowa 1391, 1397–1398, 25 N.W.2d 312, an automobile collision policy is a contract of indemnity and to the extent an insurer is obligated to pay thereunder it is placed in the position of the insured. See also Glancy v. Ragsdale, 251 Iowa 793, 802, 102 N.W.2d 890.

■ By the same token, rights thus acquired by an insurer against a wrongdoer rise no higher than those held by its insured against such offender. 46 C.J.S. Insurance § 1209(b), page 154, and 44 Am. Jur.2d, Insurance, section 1821, page 748. See also Russell v. Chicago, M. & St. P. Ry. Co., 195 Iowa 993, 1000, 191 N.W. 806.

■ So it becomes apparent, any right of action by Employers Mutual against Hanshaw, must be determined in accord with those rights held by Schmidt Transfer against Hanshaw at the time this action was commenced.

II. As previously disclosed, Schmidt Transfer, when brought into the Cameron v. Hanshaw case, did not counterclaim against anyone. Resultantly the question posed is whether it was incumbent upon plaintiff's insured to seek recovery, by counterclaim, upon any cause of action it may then have held against Hanshaw.

Rule 29, Rules of Civil Procedure, provides: "A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded."

This rule has both meaning and purpose.

■ In Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001, the court dealt with a statute of like import, and there said, loc. cit., 244 S.W.2d 1005: "This statute, * * was substantially copied from Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The purpose and objective of this section of the code 'is to discourage separate litigations covering the same subject matter, and to require their adjudication in the same action.' State ex rel. Fawkes v. Bland, 357 Mo. 634, 645, 210 S.W.2d 31, 37. It is a means of bringing all logically related claims into a single litigation 'through the penalty of precluding the later assertion of omitted claims' Cantrell v. City of Caruthersville, 359 Mo. 282, 287, 221 S.W.2d 471, 474, and when applicable is as its usual title implies *compulsory* or mandatory. State ex rel. Mack v. Scott, Mo.App., 235 .S.W.2d 106; State ex rel. Fawkes v. Bland, supra." See also Vol. 1A, Barron and Holtzoff, (Wright), Federal Practice and Procedure, Rules Ed., section 394, page 564.

Additionally, rule 217, R.C.P. states: "All dismissals not governed by rule 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise."

And, since the dismissal involved was with prejudice, rule 215, R.C.P. is neither applicable nor controlling. See Mensing v. Sturgeon, 250 Iowa 918, 925–926, 97 N.W.2d 145.

As aforesaid, Schmidt Transfer was made a party to the action by Cameron against Hanshaw, and filed answer to Hanshaw's cross-petition but never counterclaimed.

It is to us evident any right of action Schmidt Transfer held as against Hanshaw had at that time matured; was not the subject of a pending action; arose out of the same event or occurrence upon which Hanshaw had counterclaimed; and its adjudication would not have required presence of indispensable parties as to whom jurisdiction could not be obtained.

■ Thus our compulsory counterclaim rule was applicable.

III. Even so, plaintiff contends rule 29, supra, does not bar plaintiff's action against Hanshaw because the former case was not determined on the merits. We find that claim to be without substance.

At the outset, as stated in 24 Am.Jur.2d, Dismissal, Discontinuance, and Nonsuit, section 17, page 16: "A defendant who serves or files a cross complaint in the nature of an independent suit demanding affirmative relief is, with regard to the relief demanded in that cross action, a plaintiff within the meaning of statutes or rules of practice providing for voluntary dismissals, and he may dismiss his cross complaint or cross action subject to the same rules and conditions governing the right of a plaintiff to dismiss. A like rule applies with reference to a counterclaim filed by the defendant in an action; * *." See also Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1194, 24 N.W.2d 751.

Here it is essential to again note, this plaintiff participated in the former litigation, and Hanshaw's dismissal with prejudice included Schmidt Transfer, plaintiff's insured.

Recalling Hanshaw stood in the position of plaintiff on its cross-petition against Schmidt Transfer, as defendant, we refer to this statement in 24 Am.Jur.2d, Dismissal, Discontinuance, and Nonsuit, section 72, page 61. "After a plaintiff has * * * voluntarily dismissed his action, no demand for affirmative relief having been asserted by way of cross action, counterclaim, set-off, or intervention, the court is without

further jurisdiction in the action and has no authority to render judgment either for or against the plaintiff. The parties are out of court for every purpose other than to carry the order of dismissal or nonsuit into effect or to vacate or modify that order and reinstate the action."

To all intents and purpose we took substantially the same position in Mensing v. Sturgeon, supra, at 250 Iowa 924, 97 N.W. 2d 148, where this court said: "The universal rule is that a dismissal with prejudice is ordinarily an adjudication on the merits." See also Rule 217, R.C.P., quoted above.

■ Under existing circumstances it is evident, Hanshaw's dismissal with prejudice in the former action constituted an adjudication on the merits as to any cause of action he might have had against Schmidt Transfer, and vice versa.

■ IV. We now hold, any actionable claim held by Schmidt Transfer against Hanshaw became nothing less than a mandatory counterclaim upon the filing by Hanshaw of a cross-petition against Schmidt Transfer in the Cameron v. Hanshaw case; Hanshaw's dismissal with prejudice constituted a final adjudication as to any cause of action he or Schmidt Transfer may have had, either against the other, arising out of the subject accident; any actionable right held by Schmidt Transfer against Hanshaw was thereupon terminated; and Employers Mutual Casualty Company, as subrogee, standing in the position of A. W. Schmidt Transfer, Inc., subrogor, resultantly has no right to relief under this independent or separate cause of action against Kenneth Hanshaw.

Trial court was correct in so holding.

V. Having thus resolved this appeal there is no need to consider any other error assigned.

Affirmed.

All Justices concur, except BECKER, J., who takes no part.