Robert Scott CUMMINGS,
Plaintiff–Appellant,

v.

Michael Alan SCHAFER,
Defendant–Appellee.

No. 92–95.

Court of Appeals of Iowa.

Nov. 29, 1993.

William R. Dew, Griffin, Dew & Kintigh, Ottumwa, for appellant.

J. Terrence Denefe, Kiple, Kiple, Denefe, Beaver & Gardner, Ottumwa, for appellee.

Considered by OXBERGER, C.J., and HABHAB and SACKETT, JJ.

SACKETT, Judge.

The question in this appeal is whether the trial court properly dismissed plaintiff-appellant Robert Scott Cummings' suit finding it barred because it was not brought as a compulsory counterclaim in an action that has now gone to judgment.

Plaintiff in this suit seeks to recover for damages he allegedly sustained in an automobile accident that occurred on December 24, 1988 when plaintiff was driving an automobile that collided with an automobile owned and operated by defendant-appellee Michael Alan Schafer. At the time of the collision, plaintiff's sister, Christine Cummings, was a passenger in his car.

Christine was the first to sue for injuries sustained in the December 24 accident. She and her parents filed suit against Schafer on February 12, 1990. Schafer cross-claimed in Christine's lawsuit against plaintiff here. Plaintiff answered Schafer's cross-claim on August 21, 1990, but did not make claim against Schafer. Rather, on December 14, 1990, while Christine's suit was still pending, the plaintiff filed this lawsuit as a separate action. The defendant answered.

On June 17, 1991, Christine's case was tried. She recovered against Schafer and the cross-claims against this plaintiff in Christine's action were dismissed.

After Christine's suit went to judgment, on November 22, 1991, the defendant for the first time sought to dismiss this suit contend-

ing any claims the plaintiff may have against him are barred because they were not brought as a claim in Christine's suit. The trial court found this action was a compulsory counterclaim in Christine's suit; that Christine's claim has gone to judgment so the trial court found plaintiff's claim barred. The trial court dismissed this case and this appeal followed.

Rule 29 of the Iowa Rules of Civil Procedure, that governs the issue of compulsory counterclaims, provides:

A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded.

The trial court and parties agree that plaintiff's suit was a compulsory counterclaim in defendant's cross-claim against plaintiff in Christine's suit.

Plaintiff on appeal contends this suit should not have been dismissed because defendant waived the right to have this suit dismissed as a compulsory counterclaim by defending this suit until Christine's case went to judgment and the time was past for plaintiff to file a counterclaim in Christine's action.

■ A claim is a compulsory counterclaim as contemplated by rule 29 of Iowa Rules of Civil Procedure where it arises out of the transaction or occurrence that is the basis of the opposing party's claim if:

1. It is then matured;

2. It is not the subject of a pending action;

3. It is held by the pleader against the opposing party; and

4. It does not require the presence of indispensable parties of whom jurisdiction cannot be acquired.

*Harrington v. Polk County Fed. Sav. & Loan Ass'n*, 196 N.W.2d 543, 545 (Iowa 1972); *Employers Mut. Casualty Co. v. Hanshaw*, 176 N.W.2d 653, 656 (Iowa 1970). The rule is designed to avoid a multiplicity of suits. *Associated Grocers of Iowa Coop., Inc. v. West*, 297 N.W.2d 103, 108 (Iowa 1980).

The question is did defendant's election to treat this cause as a separate cause of action until a judgment was rendered in Christine's lawsuit preclude him from relying on the compulsory counterclaim as a bar to plaintiff's action?

■ A claim within the definition of compulsory counterclaim is lost unless asserted in the original suit brought by the opposing party. *Associated Grocers*, 297 N.W.2d at 108. The court in addressing the compulsory counterclaim rule has required that to be dismissed under the rule, the cause cannot be a pending action. Defendant for nearly a year treated this as a pending action. Defendant answered and filed interrogatories and, without objection from defendant, the matter was set for a pretrial conference and for trial. Defendant made no effort to seek to consolidate or to dismiss until judgment had been rendered in Christine's action.

At the time defendant asked to dismiss this action, it had been pending for nearly a year. When Christine's suit went to judgment, this suit had been pending for six months.

We reverse the summary judgment and remand for trial.

Costs on appeal are taxed to defendant.

**REVERSED AND REMANDED.**

DONIELSON and HAYDEN, JJ., take no part.