JANIE BUILDERBACK, APPELLANT, v. JIM BUILDERBACK, RESPONDENT.
—244 SW (2) 377.

Springfield Court of Appeals. December 20, 1951.

*Theo. G. Scott* for Appellant.

510

*T. A. Shockley, Claude T. Wood* for Respondent.

BLAIR, J.—This is a divorce case, instituted in Dallas County, Missouri. Defendant (respondent herein) filed his application for a change of venue, and the case was transferred to the Circuit Court of Greene County, Missouri.

Plaintiff's first amended petition was filed in Greene County. Defendant refiled his first amended answer, counterclaim and cross bill. Plaintiff there filed her answer and reply.

The trial court rendered judgment denying both plaintiff and defendant a divorce, as prayed in the petition of plaintiff and in the cross bill of defendant.

The judgment of the court on defendant's counterclaim was as follows:

"The Court finds that under the evidence on the Counterclaim of the defendant, the defendant is entitled to the sum of $4000.00 from the plaintiff for money had and received by the plaintiff from the sale of defendant's farm is Dallas County, Missouri, all of which was received by the plaintiff by means of conveyances shown in evidence. Whereupon, it is considered, ordered and adjudged that the defendant have and recover of and from the plaintiff the sum of $4000.00 and all costs in this behalf expended and that execution issue therefor."

Plaintiff filed a motion for a new trial, which was not acted upon by the trial court for 90 days, and that motion was overruled because of lapse of time. Plaintiff afterward appealed.

It appeared in the testimony that defendant was seventy-six years old. Plaintiff's age does not appear. Both plaintiff and defendant

had previously been married. Plaintiff claimed that defendant deserted her without cause, and defendant claimed that the reason he left plaintiff was at her command. Plaintiff contended that defendant agreed to give her certain property, if he would marry her, and defendant claimed that plaintiff took steps to get all of his property in her own name, and thereupon ordered defendant to leave.

There is no question in our minds that the trial court properly held, from the testimony, that plaintiff, by the steps shown in the evidence, secured at least $4000.00 of defendant's property.

Plaintiff's first contention is that the finding for $4000.00 against plaintiff is not supported by any substantial evidence. This contention must be overruled. The trial judge, on most substantial evidence, was justified in finding that, before his marriage to plaintiff, the defendant owned a substantial interest in a farm worth at least $4000.00. When defendant left plaintiff (whether of his own accord or at her command), he had no property whatever and plaintiff was the owner of all property previously belonging to defendant.

The second complaint of plaintiff is that defendant was not entitled to an accounting with her, because he had only asked for such an accounting in the event that plaintiff was granted a divorce, and that, therefore, defendant was not entitled to an accounting under the pleadings. Such a defense must be on the grounds of estoppel, although defendant had not asked for an accounting, unless plaintiff was granted a divorce. Neither the trial court nor defendant was prevented from the granting of such relief, unless plaintiff's position was adversely affected thereby. Plaintiff has not shown that her condition was adversely affected by defendant's assertion that he only desired an accounting in the event plaintiff was granted a divorce.

For the general situation, demanding the enforcement of the rule of estoppel, see the following: Johnson v. Ferguson, 329 Mo. 363, 44 S. W. (2d) 650-653; State ex rel. Consolidated School District No. 2 of Pike County v. Haid (Mo.) 41 S. W. (2d) 806.

The trial court had the right to investigate the financial status between plaintiff and defendant, notwithstanding defendant's assertion that he did not want such accounting, unless plaintiff was granted a divorce, and the trial court had the undoubted right to enter upon such accounting, if it was satisfied from the evidence that defendant had suffered financially by the acts of plaintiff. There is no merit in such contention.

The third ground of plaintiff's motion for a new trial is that an accounting could not properly be taken in a divorce case. We regard this contention as most worthy of consideration, in view of the action of the trial judge in awarding defendant a judgment for accounting against plaintiff, even though he denied both parties a divorce.

Plaintiff cites three cases on the proposition that, in a divorce case, the court is without jurisdiction to adjudicate property rights as between the parties to such divorce action.

512

Plaintiff cites Singleton v. Singleton, 239 S. W. (2d) 773; Bishop v. Bishop, 151 S.W. (2d) 553-557; State v. Mitchell, 230 S. W. 116, l.c. 212.

We find all of those cases cited in Singleton v. Singleton, *supra*, where Sperry, Commissioner of the Kansas City Court of Appeals, said:

"In a divorce action, the court is without jurisdiction to adjudicate property rights as between the parties."

That ruling was long held and would have settled the power of the trial court to make an accounting between plaintiff and defendant in a divorce case; but the Supreme Court of Missouri en banc, in the case of State ex rel. Fawkes v. Bland, et al., Judges, in 210 S. W. (2d) 31, seems to have taken a different view. That was a certiorari case, directed to the Judges of the Kansas City Court of Appeals, on account of an opinion of that Court in the case of Fawkes v. Fawkes, 204 S. W. (2d) 132. The case of State v. Bland (210 S. W. (2d) 31), was carefully considered in an opinion by Judge Ellison of the Supreme Court en banc. A decision of that Court, rather than the cases cited by plaintiff, is binding on us. Judge Ellison recognized the former ruling of the Missouri Courts that an accounting could not be taken in a divorce case. But he pointed out that the law had been materially changed since the former cases were decided. He affirmed the rule announced by Cave, Presiding Judge, of the Kansas City Court of Appeals, in the Fawkes divorce case. The reversal in State v. Bland, by the Supreme Court, was upon the custody of the child.

In State v. Bland, 210 S. W. (2d) p. 33, Judge Ellison said:

"And our counterclaim statutes Secs. 928, 929, repealed under the old Code, were so restrictive that they excluded a cross-action of such diverse nature as separate maintenance in a divorce suit. But Sec. 1 of the new Civil Code expressly repeals Sec's 928, 929, supra; and Sec. 37 thereof now expressly permits a defendant to set forth in his answer as many independent or alternative claims, legal, equitable or both, as he may have. Hence, an action for separate maintenance may be pleaded as a cross-action in a divorce suit, especially since Sec. 3382 of the separate maintenance law and Sec. 1515 of the divorce law both provide in practically the same words: 'the like process and proceedings shall be had *in such causes as are had* in other civil suits.' (The italicized words are omitted in Sec. 3382)."

Judge Ellison again said:

"Sec. 37 of the new Code of Civil Procedure, on counter-claims, is very broad. It deals with the plaintiff's petition and reply and the defendant's answer. Counter-claims may be pleaded in all of these. They may be independent of alternate claims, and either party may join as many as he has, legal, equitable or both."

And again, Judge Ellison, with the approval of all the Judges of the Supreme Court of Missouri en banc, said:

"We think the conclusion reached in the Court of Appeals opinion that a wife's crossclaim for separate maintenance may be filed in her husband's divorce suit is correct."

That conclusion freed the trial court and frees this Court from the rule announced in the Singleton and other cases.

Plaintiff cites three cases in supposed support of her contention that the trial court erred in finding judgment against plaintiff, based upon the sale of a farm formerly owned by defendant. The cases cited are those dealing with transactions between husband and wife during coverture, unless supported by clear and positive evidence, because they are otherwise presumed to have been gifts.

Plaintiff cites three cases on Point III, page 18 of her brief, which Point is as follows:

"That the court erred in finding judgment against plaintiff in the sum of $4,000.00 based upon sale of farm formerly owned by defendant and which he had conveyed to plaintiff."

The evidence seems to be clear and satisfying that defendant did not intend his conveyances to his wife to be gifts. She was to make conveyance to defendant in exchange for his conveyance to her. The trial court had the right to find that such conveyances, or promise thereof, by defendant were not gifts to defendant's wife. The alleged promise of conveyance of property, if defendant would marry plaintiff, was before the marriage, and no presumption of a gift arises in that situation.

The judgment of the trial court must be affirmed. It is so ordered. *Vandeventer, P. J.,* and *McDowell, J.,* concur.