**Mable Arlene OLIVER, Appellant,**

v.

**Raymond Edward OLIVER, Respondent.**

No. KCD 26735.

Missouri Court of Appeals,
Kansas City District.

April 1, 1974.

**210**

Alex Peebles and James Patrick Quinn, Kansas City (Quinn & Peebles, Kansas City, of counsel), for appellant.

Michael J. Albano, Independence (Graham, Paden, Welch, Martin & Tittle, Independence, of counsel), for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

■ Appellant has perfected her appeal from the portion of a judgment in partition after a divorce decree, which awarded to respondent the value of certain joint personal property which appellant removed from the joint residence of the parties when they separated some four years prior to divorce. Since that portion of the decree was adverse to appellant, and final as to her, this appeal is not premature. Hahn v. Hahn, 297 S.W.2d 559, 563, et seq. (Mo.1957).

Appellant claims that the trial court erred in "estimating" value of the personal property and "awarding damages in a partition suit" because § 528.620 RSMo 1969, V.A.M.S., requires either partition (in kind), or sale and partition of the proceeds of joint property; and that evidence of exclusive possession and use of joint property by one co-tenant will not authorize an award of damages for conversion to a co-tenant.

Respondent in his Count III pleaded the joint ownership of the personal property, and that certain described items thereof were by appellant "taken and converted to her own separate use." Amendment was made by interlineation to the prayer of Count III asking that "plaintiff be awarded judgment for the money difference of the personalty now held by the parties," and there was a deletion of the prayer for sale of the property and division of the proceeds between the parties. The request for the amendment was made in view of appellant's answers to interrogatories and in her deposition "that certain items of the property which she has taken she has given to the Salvation Army, discarded and et cetera." Appellant's answer to Count II (evidently meaning Count III) is: "That such an accounting of personal property is in order and states that it is proper for the Court to proceed."

As it relates to the issues presented, respondent's testimony was this: At the time appellant left him they had a household of furniture and personal items in the family home. [It was stipulated that a list comprised the items of personal property.] A few days after appellant moved away, she and her boyfriend moved the biggest part of the furniture out. The furniture at that time was practically new. "Q. And would you tell the Court, please, what, in your opinion, was the value of the items that she took? A. You mean to replace them? Q. Yes. A. Oh, it cost me right close to six thousand dollars to replace them. Q. Now, do you have an opinion as to the value of the items that she left? A. I have the list here. Q. Do you have an opinion as to the value of the ones that she left? A. The value. Well, it wasn't very much. Q. Do you have an opinion as to how much it was? A. Oh, maybe a thousand dollars."

■ What appellant misconceives is that this is not strictly an action for the partition, either in kind or by sale, under the statute. Note that the amendment made by respondent to Count III of his petition asks for a money judgment for the difference (in value) of the personalty held by the parties. By her answer appellant quite evidently agreed that the *accounting of personal property is proper*, and then authorized the court to proceed. She must

be held to that announced position and in the posture of the case presented to the trial court (in which the only evidence offered bore upon the *value* of the property held by the parties, and on which the evidence conflicted), and she will not be heard to say that the only way the court could have proceeded was by sale and division of the proceeds thereof in partition. This is especially true when, as the record shows, appellant still possessed some of the property removed by her, and neither party had placed any property before the court for sale.

■ Undoubtedly, and according to the pleadings, from the time of separation to the time of divorce, the parties held their personal property as tenants by the entirety; and appellant had ousted respondent from his right to join possession and use of the same. Coffey v. Coffey, 485 S.W. 2d 167, 170[5] (Mo.App.1972), held "Personal estates held by the entirety can be changed to other types of estates by consent, agreement or acquiescence, Cooper v. Freer, Mo.App., 385 S.W.2d 340, 345, but neither the husband nor the wife owning personalty by the entirety can dispose of the whole or any part thereof without the consent, agreement or acquiescence of the other." There was, of course, no evidence of any consent, agreement or acquiescence on respondent's part that appellant dispose of all or any part of the personal property taken by respondent. The Coffey case held further that an accounting may be joined with a suit for divorce, loc. cit. 485 S.W.2d 172, and that is obviously the way the trial court treated this case and correctly so. See also the case of Ray v. Ray, 336 S.W.2d 731, 734[1, 2] (Mo.App.1960).

■ Respondent's testimony as to what it cost him to replace the property taken by appellant is not a proper measure of its value under the facts of this case, and absent a showing that any specific item or items of property were replaced with identical property of the same value. "According to the great weight of authority the measure of damages for the conversion of household goods, furniture, books, manuscripts, or wearing apparel, kept and adapted for personal use, is not the second hand market value of the property, but the actual and fair value to the owner, excluding any fanciful or sentimental value he may place on it." 89 C.J.S. Trover & Conversion § 196, p. 658. See also State v. Ace Storage & Moving Co., 135 S.W.2d 363, 368[7, 8] (Mo.App.1940). Thus the trial court erred in using that testimony as a basis for the accounting of and a division of the property.

The motion to dismiss the appeal is overruled.

The judgment is reversed and the case remanded for further proceedings.

All concur.