**Robert I. GALE, Respondent,**

v.

**Florence J. CORBETT, Appellant.**

**No. KCD 27381.**

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Motion for Rehearing and/or Transfer
Denied May 2, 1977.

Order Jan. 18, 1978.

Roy W. Brown, Kansas City, for appellant.

Robert G. Oberlander, Leary G. Skinner, Kansas City, for respondent; Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, of counsel.

Before SWOFFORD, P. J., and MOORE, BONDURANT and CLYMER, Special Judges.

LEWIS W. CLYMER, Special Judge.

The parties will be referred to herein as they were below.

On April 28, 1972, plaintiff, Robert I. Gale, commenced this action for an accounting against his former wife, Florence J. Corbett. In his petition, plaintiff prayed for an accounting of certain funds which defendant had withdrawn from Capitol Federal Savings & Loan Association of Prairie Village, Kansas, Account No. 0 168577–01, in the approximate amount of Eleven Thousand Two Hundred Fifty Dollars ($11,250.00) and the proceeds of a Certificate of Deposit 0760288–05 purchased from Capitol Federal Savings & Loan Association in the amount of One Thousand One Hundred Twenty-one and 18/100 Dollars ($1,121.18).

Plaintiff alleged that he was the rightful owner of the aforementioned funds. The defendant by her answer contested his right to an accounting, pleaded an affirmative defense, and filed a counterclaim for an accounting. Appeal was taken from the judgment of the court below finding all issues in favor of the plaintiff and entering judgment against the defendant in the sum of Six Thousand Dollars ($6,000.00).

On appeal, the point for decision is whether or not the action before the court was a compulsory counterclaim in the previous action for divorce between these parties.

Plaintiff and defendant were married on November 26, 1967 and lived together until January 7, 1972. No children were born of this marriage. A petition for divorce was subsequently filed by the present defendant, Florence J. Gale, (now Corbett), and Robert I. Gale cross-petitioned. On April 13, 1972, the court granted the divorce decree to Robert I. Gale and restored to the present defendant her former name of Florence J. Corbett. The civil action for accounting was initiated on April 28, 1972.

Numerous cases hold that an action for an accounting may be had in a divorce proceeding. *Fawkes v. Fawkes,* 204 S.W.2d 132 (Mo.App.1947); *State ex rel. Fawkes v. Bland,* 357 Mo. 634, 210 S.W.2d 31 (Banc 1948); *Builderback v. Builderback,* 241 Mo. App. 508, 244 S.W.2d 377 (1951); *Ray v. Ray,* 336 S.W.2d 731 (Mo.App.1960); *Coffey v. Coffey,* 485 S.W.2d 167 (Mo.App.1972); *Oliver v. Oliver,* 508 S.W.2d 209 (Mo.App. 1974). A detailed history of the development of the law regarding counterclaims to determine property rights in divorce actions is set out in *Coffey v. Coffey, supra.* The court in *Coffey* reviewed the previous authorities and held " * * * neither the husband nor the wife owning personalty by the entirety can dispose of the whole or any part thereof without the consent, agreement or acquiescence of the other." (l. c. 170). The record shows that no agreement existed between the parties as to the disposition of all or any part of the personal property taken by the defendant. In 1974, the Missouri Court of Appeals in *Oliver v. Oliver, supra,* when presented with facts similar to the instant circumstances, held that a claim made after a divorce decree, for value of certain joint personal property removed from the joint residence of the parties when they separated prior to divorce, was properly treated as an accounting joined with the suit for divorce.

Defendant's contention that the present cause of action was fully presented in the initial divorce suit and is thus res judicata, is without merit. Since the court below treated this action as separate and apart from the suit for divorce, it lacks certain essential elements which the St. Louis Court of Appeals defines as res judicata in *Ratermann v. Ratermann Realty & Investment Co.,* 341 S.W.2d 280 (Mo.App.1960): " * * * Generally speaking, identity of the thing sued for, identity of the cause of action, identity of the persons and parties to that action and identity as to the quality of the person for or against whom such a claim is made are essential to a plea of estoppel by judgment. * *" (l. c. 290)

The rules of compulsory counterclaim and res judicata were intended to stop duplication of litigation; however, in the instant case the right of ownership to the funds in question was never pleaded or put in issue in the earlier divorce action nor in our opinion was it required. *State of Missouri ex rel. Farmer v. Allison,* 359 S.W.2d 245 (Mo.App.1962); *Prentzler v. Schneider,* 411 S.W.2d 135 (Mo. banc 1966); *Jackson v. Hartford Accident and Indemnity Company,* 484 S.W.2d 315 (Mo.1972).

Having carefully reviewed the cases cited in the briefs, we have reached the conclusion that the plaintiff's action for an accounting was not precluded by the prior divorce decree. The trial court was within its discretion in awarding the former husband an equal share of the joint assets.

For the reasons herein stated, the judgment is affirmed.

All concur.

### ORDER

WHEREAS, this case was submitted to this Court on April 19, 1976, and an opinion adopted on April 4, 1977 affirming the judgment of the court below and appellant's motions for a rehearing in this Court or in the alternative to transfer to the Supreme Court were overruled and denied on May 2, 1977. On May 17, 1977, the cause was transferred to the Supreme Court upon its order and under date of January 10, 1978, the mandate of the Supreme Court of Missouri issued setting aside its order of transfer and remanding the case to this Court.

NOW, THEREFORE, this cause is reinstated upon the docket of this Court and it is ordered that the mandate of this Court issue forthwith in accordance with the opinion of April 4, 1977.