Barbara STILLINGS, Plaintiff-Appellant,

v.

CITIZENS BANK OF AVA, Ava,
Missouri, Defendant-Respondent.

No. 12208.

Missouri Court of Appeals,
Southern District,
Division Two.

July 23, 1982.

**402**

Charles A. Moon, Springfield, for plaintiff-appellant.

John E. Price, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, James E. Curry, Ava, for defendant-respondent.

MAUS, Chief Judge.

By her petition the plaintiff, Barbara Stillings, sought to recover an amount equal to a savings account she alleged the defendant bank wrongfully refused to pay to her. The case was heard by the court without a jury. Neither party requested findings of fact or a statement of the grounds for the court's decision under Rule 73.01. However, the trial court made limited findings of fact and based upon a conclusion of law, entered judgment for the defendant. The plaintiff contends that a crucial finding of fact is not supported by the evidence and that when the law is correctly declared and applied, she is entitled to recover.

Most of the ultimate facts are not disputed. The following is a summary of those facts. On March 26, 1979, after a discussion with the plaintiff, her husband J. B. Arlis Stillings opened a savings account with the defendant bank. When the account was opened, it was evidenced by a passbook that stated the account was with "J. B. or Barbara Stillings or Kimberly Stillings." Kimberly Stillings was the minor daughter of J. B. by a prior marriage. When J. B. returned home he gave the passbook to the plaintiff. She placed it in a receptacle in which valuable documents were kept. When the account was opened, the teller gave J. B. a "joint account" signature card to be signed and returned. J. B. was not sure that he got home with this card. In any event, it was not signed or returned.

The cover of the passbook bore the following legend: "TAKE CARE OF THIS BOOK. It must be presented when money is deposited or withdrawn. If lost or stolen, notify this bank at once." The first page contained the following statement: "This book must be presented when money is deposited or withdrawn. (In neither instance to be less than Five Dollars)." The portion of the book printed for the recording of withdrawals and deposits was printed vertically. Below the names mentioned above was the following: "This book is accepted and all deposits are made subject

to the By-Laws of the Bank as herein printed and made a part of this deposit contract. No payments can be made or money withdrawn without presentation of this book."

The plaintiff and J. B. separated May 7, 1979. On May 8, 1979, she presented the passbook at the bank and attempted to withdraw the account. She was told that both she and J. B. would have to sign for a withdrawal. The plaintiff's sister took and retained possession of the passbook until two weeks later. There was then a temporary reconciliation and upon the instructions of the plaintiff, the passbook was delivered to J. B.

The passbook shows the following deposits: March 26, 1979,—$5500.00; April 23, 1979,—$1500.00; May 30, 1979,—$36.91; June 12, 1979,—$2.53." The passbook shows the following withdrawals: "April 9, 1979,—$500.00; April 19, 1979,—$1000.00; May 10, 1979,—$4000.00; June 12, 1979,—$1539.44." All withdrawals were made by J. B.

The trial court found the funds deposited in the account "were derived by the depositor from the sale of land purchased with money acquired by him prior to his marriage to plaintiff." By her vague testimony, the plaintiff attributed the deposits to her Social Security benefits and the sale of real property. J. B. was specific. He unequivocally stated the opening deposit of $5500.00 was from the sale of real property owned by him and the plaintiff as tenants by the entirety. With equal clarity he stated the deposit of $1500.00 was a part of the plaintiff's Social Security benefits. The smaller deposits were credits of interest. There is no evidence to support the above finding of the trial court. The testimony of J. B. must be accepted on this issue.

■ The judgment in favor of the defendant was preceded by the following conclusion of law: "That no contract was ever created between the bank and plaintiff; and therefore the bank had no duty or obligation to pay out money from the deposit to plaintiff." This conclusion was in turn preceded by a finding of fact that the plaintiff did not sign the tendered joint signature card. However, it does not follow from that fact that the defendant had no duty or obligation to the plaintiff in respect to the deposited funds.

While the plaintiff pleaded that the defendant wrongfully refused to pay the account to her, the case was also tried upon the issue of the duty of the bank to permit withdrawals only upon the presentation of the passbook. The relevancy of much of the evidence was to establish that J. B. did not have the passbook on May 10, 1979. The plaintiff testified an employee of the defendant assured her J. B. could not withdraw the funds without presenting the book. The president of the defendant testified that employee had no authority to make that statement. The latter issue was obviously tried with implied consent within the meaning of Rule 55.33(b).

Whether or not the defendant had a duty to the plaintiff is, of course, dependent upon whether or not the plaintiff had an interest in the account. The interests of the parties in accounts for which the indicia of ownership stands in two or more names may be defined by express agreement, *First National Bank of Liberty v. Waller*, 442 S.W.2d 171 (Mo.App.1969); by statute, § 362.470 and § 369.174, *In re Estate of LaGarce*, 487 S.W.2d 493 (Mo.banc 1972) and § 400.3–116; or by common law estate, *In re Estate of King*, 572 S.W.2d 200 (Mo. App.1978). In this case it was apparently contemplated by the teller of the defendant the interests in the account would ultimately be defined by the agreement on the joint account signature card. However, that contemplation does not establish the plaintiff did not have an interest in the funds deposited or in the account when opened. The plaintiff might have executed an agreement that would have confirmed or redefined her interest in the funds, but she did not do so. The passbook did not state the account was in the name of the named persons "as joint tenants." Nor was it in form to be paid to anyone or more of them, or the survivor. § 362.470.1. Nor was it in the name of two persons or the survivor thereof who are husband and wife. § 362.-

470.5. The account was not in statutory form. *Ison v. Ison*, 410 S.W.2d 65 (Mo. 1967); *Matter of Estate of Bonacker*, 532 S.W.2d 898 (Mo.App.1976); *Smith v. Thomas*, 520 S.W.2d 132 (Mo.App.1975). The interests of the parties must be determined upon the basis of the indicium of ownership that was issued and circumstances surrounding the opening of the account.

■ The daughter Kimberly Stillings had no interest in the funds deposited in the account. There was no evidence of an intent that she acquire an interest in the account and no presumption that she did so. *In re Estate of King*, supra; *Clay County State Bank v. Simrall*, 259 S.W.2d 422 (Mo.App.1953). *Merrill Lynch, Pierce, Fenner & Etc. v. Shackelford*, 591 S.W.2d 210 (Mo.App.1979) does not dictate that she acquired an interest in the account as that case involved a Treasury Note. Both parties presented the case upon the basis that she had no interest. It will be considered upon that basis. Compare *Coffey v. Coffey*, 485 S.W.2d 167 (Mo.App.1972).

■ It is well established that irrespective of which party contributes the funds when an account is opened in the names of husband and wife there is a presumption the account is owned by them as tenants by the entirety. *In re Estate of Jeffries*, 427 S.W.2d 439 (Mo.1968); *In re Estate of O'Neal*, 409 S.W.2d 85 (Mo.1966); *Conrad v. Bowers*, 533 S.W.2d 614 (Mo.App.1975). Under the circumstances the inclusion of the name of the daughter did not put the presumption to flight. *Merrill Lynch*, supra. A long line of cases declare the same presumption to be applicable when an account stands in the name of husband or wife. *Beaufort Transfer Co. v. Fischer Trucking Co.*, 451 S.W.2d 40 (Mo.1970); *Merrill Lynch*, supra; *In re Estate of Fugett*, 564 S.W.2d 628 (Mo.App.1978); *Fulton v. Fulton*, 528 S.W.2d 146 (Mo.App.1975); Annot., Estate by Entirety—Personalty, 64 A.L.R.2d 8 (1959). The presumption is strengthened by the fact the initial deposit was of funds derived from the sale of land held as tenants by the entirety. *Feltz v. Pavlik*, 257 S.W.2d 214 (Mo.App.1953).

■ The duties of a bank to those having an interest in an account may be defined by statute or by contract, express or implied. It may be, and often is, the same statute or agreement that defines the interests of the parties in an account standing in two or more names. It is not necessary that the contract be in the form of a signed written agreement. A contract may result from the course of action in the establishment of the account. *Clabbey v. First National Bank*, 320 S.W.2d 738 (Mo.App.1959).

■ As noted, when the account in question was opened the defendant issued and the parties accepted a passbook. Also as noted, the passbook contained the clear statement: "This book is accepted and all deposits are made subject to the By-Laws of the Bank as herein printed and made a part of this *deposit contract*." Immediately following that declaration was the following provision: "No payments can be made or money withdrawn *without presentation of this book*." (Emphasis added). Under the circumstances, it must be recognized the latter provision was a By-Law referred to in the preceding declaration. That provision became a part of the contract, express or implied, governing the duty of the defendant to the plaintiff. *Welch v. North Hills Banks*, 442 S.W.2d 98 (Mo.App.1969); Annot., Bank—Rules in Passbook, 60 A.L.R.2d 708 (1958). Neither the bank alone or the bank and J. B. had the power to waive this term of the contract. *Coffey v. Coffey*, supra; *First National Bank of Liberty v. Waller*, supra; *Welch v. North Hills Bank*, supra; *Keokuk Savings Bank & Trust Company v. Desvaux*, 259 Iowa 387, 143 N.W.2d 296 (1966); Annot., Bank—Liability—Joint Deposit, 62 A.L.R.2d 1109 (1958). When the defendant paid the $4000.00 to J. B., it breached the contract of deposit, *Cassel v. Mercantile Trust Company*, 393 S.W.2d 433 (Mo.1965); *State ex rel. Paden v. Carrel*, 597 S.W.2d 167 (Mo.App.1979); and took the risk it could establish the plaintiff had no interest in the account and funds disposed. *Leuzinger v. Merrill Lynch, Pierce,*

**405**

*Fenner & Smith*, 396 S.W.2d 570 (Mo.banc 1965); *Clabbey v. First National Bank*, supra.[1]

Funds held by the entirety can be changed to another type of estate by consent, agreement or acquiescence. When J. B., without presenting the passbook, withdrew $4000 to the exclusion of the plaintiff he denied the existence of the entirety estate in those funds and consented to the destruction of the indivisible interests therein. The plaintiff had the option of accepting such destruction and recovering her proportionate interest in the funds paid out contrary to the contract of deposit. *Coffey v. Coffey*, supra. The plaintiff did not seek recovery on the basis her signature was required to permit withdrawal of the funds by J. B. This opinion does not reach and should not be considered as authority on that issue. Concerning the plaintiff's allegation of dereliction, there is no evidence to rebut the testimony and inference the plaintiff acquiesced in the other withdrawals. She is entitled to no further recovery. *Cooper v. Freer*, 385 S.W.2d 340 (Mo.App.1964). The judgment is reversed and the cause is remanded with judgment to be entered in favor of the plaintiff in the amount of $2000.

PREWITT, P. J., and BILLINGS and HOGAN, JJ., concur.

---

1. This case is to be distinguished from cases involving the right of a joint tenant who contributed all the funds to control the account during his lifetime. See *Pollock v. Brown*, 569 S.W.2d 724 (Mo. banc 1978); *McGee v. St.* *Francois Cty. S. & L. Ass'n*, 559 S.W.2d 184 (Mo. banc 1977); *In re Estate of Hampton*, 547 S.W.2d 886 (Mo.App.1977); *Carroll v. Hahn*, 498 S.W.2d 602 (Mo.App.1973).