**Richard WOODS, Plaintiff-Respondent,**

v.

**Darlene WOODS, Defendant-Appellant.**

No. 43998.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 19, 1982.

P.J. Meyer, Cedar Hill, for defendant-appellant.

Charles R. Oldham, St. Louis, for plaintiff-respondent.

CLEMENS, Senior Judge.

Action by former husband for partition and damages against former wife concern-

---

ing jointly owned real and personal property they had owned when their marriage was dissolved three years before. By the original decree the parties were ordered "to equally divide all marital property". They failed to do so, and husband now seeks that division.

The present trial court ordered sale of the real estate, and as to personal property valued at $20,000 found defendant wife had misappropriated it; as to that, the court gave husband a $10,000 judgment against wife. She appeals.

The wife challenges the $10,000 award for damages for the personalty she appropriated; this on the ground the original decree specified division in kind, not a sale. This is inconsistent with the wife's trial contention in this partition action; there she sought to recover one-half the value of property allegedly appropriated by the husband.

■ An accounting as to personalty is a proper remedy where one dissolution party has, as here, ousted the other from the right to share entirety property. A money judgment against the appropriating spouse is proper. *Oliver v. Oliver,* 508 S.W.2d 209[1, 3] (Mo.App.1974).

■ We deny the wife's initial point and take up her other contention. This is that the evidence was insufficient to show she had misappropriated the marital property. Not so. The wife admitted she had transferred many items of household goods to her numerous family members.

We give deference to the trial court's opportunity to weigh the credibility of witnesses and defer to its conclusion absent a showing the evidence is clearly insufficient. *Duley v. Leininger,* 527 S.W.2d 456[1] (Mo. App.1975). On that principle we accept the present trial court's finding against the wife's challenge to the evidentiary sufficiency.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.